IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| WILLIAM WILSON, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 5:20-CV-1470 |
| § | |
| MARSHALL SHREDDING, LLC. AND § | |
| MEDSHARPS TREATMENT LLC, § | |
| § | |
| Defendants. | |

**PLAINTIFF WILLIAM WILSON'S ORIGINAL COMPLAINT AND JURY DEMAND**

**Introduction**

This is an action for retaliatory discharge from employment under the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act (FFCRA). Plaintiff William "Willie" Wilson was employed by Defendants as a driver and warehouseman at Defendant's headquarters in Schertz, Texas. In the summer of 2020, Plaintiff discovered that he and his co-workers were being required to handle, without appropriate personal protective equipment, human remains and COVID medical waste. In July of 2020, Plaintiff contracted COVID, became seriously ill, and had to take leave from work that was protected by Section 5104 of the FFCRA (as amended by Section 3611(8) of the CARES Act. Plaintiff is a single father and his infant child likewise contracted COVID. Defendant expressed an animus against Plaintiff because he contracted COVID and needed time off to convalesce and to care for his child with COVID. Plaintiff immediately experienced retaliation for his protected leave and was terminated from employment on or about August 26, 2020 for completely pretextual reasons. Plaintiff avers

1

that he was discharged from employment because he sought, took, and asked for payment for, leave under the FFCRA.

## Parties

1. Plaintiff William "Willie" Wilson is an individual residing in Bexar County, Texas. He may be served with papers in this case through the undersigned counsel.

2. Defendant Marshall Shredding, LLC is a limited liability company organized under the laws of the State of Texas. It maintains its principal place of business at 17340 Bell North Drive, Schertz, Texas 78154. It may be served with process through its registered agent, Robert L. Marshall II, at 17340 Bell North Drive, Schertz, Texas 78154.

3. Defendant Medsharps Treatment, LLC is a limited liability company organized under the laws of the State of Texas. It maintains its principal place of business at 17340 Bell North Drive, Schertz, Texas 78154. It may be served with process through its registered agent, Robert L. Marshall II, at 17340 Bell North Drive, Schertz, Texas 78154.

## Jurisdiction and Venue

4. The Court possesses personal jurisdiction over Defendants because Defendants are organized under the laws of the State of Texas, because Defendants maintains their principal place of business in Texas, and because Defendants continuously do business in the State of Texas. The Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claims under federal law (the Families First Coronavirus Response Act and the Emergency Paid Sick Leave Act). Venue is proper in the Western District of Texas because the events giving rise to Plaintiff's claims occurred within the geographic confines of the Western District.

**Factual Background**

5. Defendant Marshall Shredding operates a document shredding and destruction business out of its headquarters in Schertz, Texas. Defendant Medsharps Treatment is a medical waste disposal company. It operates as a single integrated enterprise with Defendant Marshall Shredding, sharing the same facilities and employees.

6. Plaintiff commenced work for Defendants as a driver and warehouseman in 2017. In the Spring of 2020, in the midst of the COVID pandemic, Defendant also began processing medical waste and human remains. Plaintiff discovered to his dismay, discovered that he was actually processing COVID-infected waste. Defendants failed to implement infectious-disease protocols or to provide Plaintiff and his co-workers with appropriate personal protective equipment. When Plaintiff confronted management about the medical and human waste, Plaintiff was told that PPE would not be provided and that he could buy it himself. Plaintiff developed symptoms consistent with COVID infection. Plaintiff requested time off to test and quarantine but his request was denied. He was told that if he quarantined, his job would not be protected. Consequently, Plaintiff continued to work. Defendants actively discouraged employees from taking time off due to illness, including COVID. Employees were told that their jobs would not be secure if they took time off due to having COVID symptoms.

7. In late July of 2020, Plaintiff became extremely sick at work. Plaintiff suspected he had contracted COVID. Plaintiff was forced to complete his shift. Thereafter, Plaintiff went for a COVID test and was ordered by health care providers to quarantine. Defendants' management instructed Plaintiff to return to work, but Plaintiff refused because he was under quarantine and still awaiting his test results. Plaintiff requested that he be given the time off to quarantine and that he be paid for his time consistent with federal law. On the following day,

Plaintiff received positive test results and informed the employer. Plaintiff's manager did not believe Plaintiff that he was positive, so Plaintiff contacted Human Resources. When Plaintiff ultimately returned to work on or about August 13, he was met with a bogus reprimand. Plaintiff was told that he was on thin ice and that any subsequent infraction would result in his termination. Plaintiff objected because he had childcare obligations that prohibited him from working the night shift. Defendants ultimately relented. However, less than two weeks later, on or about August 26, 2020, Defendants discharged Plaintiff from employment, falsely claiming that Plaintiff had stolen the thermometer used to check employee temperatures.

## Cause of Action: Retaliatory Discharge under FFCRA

8. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 7 supra.

9. Defendants, both singularly and together, are employers within the meaning of the Emergency Paid Sick Leave Act and the FFCRA. Plaintiff was likewise a covered employee under those Acts in that, at the time he took leave because of his own COVID infection and the COVID infection of his infant son, Plaintiff had been employed by Defendants for more than 30 days.

10. Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act; or has filed any complained or instituted or caused to be instituted any proceeding under or related to the Act. An employer who willfully violates Section 5104 shall be considered in violation of section 15(a)(3) of the FLSA and is subject to the penalties described in Sections 16 and 17 of the FLSA.

11. Plaintiff avers that he was discharged from employment because of his protected activities under the Emergency Paid Sick Leave Act, the FFCRA, and Section 3611(8) of the CARES Act. As a result of his illegal discharge from employment, Plaintiff has lost wages and

4

benefits for which he now sues. Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation. Finally, because Plaintiff has been forced to retain legal counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

## Jury Demand

12. Plaintiff demands a trial by jury

## Conclusion and Prayer

13. Plaintiff prays that, upon by final judgment, he be awarded the following:

a. Lost wages and benefits in the past;

b. Lost wages and benefits in the future;

c. Liquidated damages;

d. Compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, and damage to reputation;

e. Attorney Fees;

f. Costs of Court; and

g. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ MICHAEL V. GALO, JR.
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
WILLIE WILSON